IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEPHEN BENNETT,                                    Civ. No. 6:22-cv-00522-MK

                        Plaintiff,                  **OPINION & ORDER**

            v.

ROSEBURG PAROLE &
PROBATION OFFICE,

                        Defendant.

_____

AIKEN, District Judge.

     *Pro Se* Plaintiff Stephen Bennett filed this action on April 6, 2022.  In his Complaint, ECF No. 1, Plaintiff seeks an emergency injunction, or temporary restraining order ("TRO"), to stay his extradition to Montana, which is scheduled to take place on April 8, 2022.  ECF No. 1-2.  The case has been referred to this Court for resolution of the request for an injunction.  Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") in this action.  ECF No. 2.

     For the reasons set forth below, Plaintiff's motion for a TRO is DENIED. Plaintiff's IFP application is DENED with leave to refile using the appropriate form and supplying the necessary information.  Plaintiff's Complaint is DIMSSED with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

## LEGAL STANDARDS

### I.    *In Forma Pauperis*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## II.    Temporary Restraining Order

"In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp.3d 1219. 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in

the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

### I.    Plaintiff's Complaint Fails to State a Claim

As a preliminary matter, Plaintiff's IFP petition was not submitted using the form provided by the District of Oregon and the document submitted by Plaintiff does not include much of the information required to assess Plaintiff's claims of indigency. The Court therefore DENIED Plaintiff's IFP petition, ECF No. 2, with leave to refile using the Court-provided form. A copy of the IFP application form will be sent to Plaintiff along with this Order. The IFP application form is also available on the public website for the United States District Court for the District of Oregon.

Plaintiff's Complaint alleges that he was convicted of felony criminal endangerment in Montana state court and that his conviction is currently on appeal. In the meantime, the imposition of Plaintiff's sentence has been deferred and he remains out of custody on supervision. Plaintiff requested transfer of his supervision from Missoula, Montana to his home in Roseburg, Oregon and the request was granted by the authorities in both states.

On February 17, 2022, Oregon probation officers asked for consent to search Plaintiff's residence, which Plaintiff refused. Plaintiff was cited for refusing to allow the search and disputes the citation.

On March 28, 2022, Plaintiff was arrested by Oregon probation officers for failing to report as directed. On April 4, 2022, Plaintiff learned that he was to be extradited back to Montana on April 8, 2022. In the pleading, Plaintiff acknowledges that his Complaint is incomplete and was filed on April 6, 2022, to seek an injunction preventing his extradition. As Defendant, Plaintiff names the Roseburg Parole and Probation Office.

Plaintiff seeks to overturn his probation violations pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff cannot maintain a claim against Roseburg Parole and Probation Offices under § 1983.  First, a claim under § 1983 must be alleged against a "person." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).  "Persons" under § 1983 "are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019).  While local governmental entities may be sued under a *Monell* theory of liability,[1] this applies to the county or the municipal government itself, rather than to a department of that government.  *See Mecautea v. Oregon*, Case No. 3:19-cv-01864-MO, 2020 WL 1812012, at *2 (D. Or. April 9, 2020) (holding that in a § 1983 action "individual officers at their respective departments could be named, or the counties or cities could be sued directly under a *Monell* theory, but it is improper to name a sheriff's or police department specifically.").  In this case, the local governmental entity would be the City or Roseburg or Douglas County, but not the parole and probation office itself.  Because Plaintiff has not named a defendant subject to liability under § 1983, the Court concludes that the Complaint fails to state a claim and must be dismissed.

## II.    *Younger* Abstention

In addition, the Court concludes that abstention from interference in an ongoing state criminal prosecution is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention is a "circumscribed exception to mandatory federal

---

[1] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

jurisdiction," which provides that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (internal quotation marks and citation omitted).  A federal court must determine whether *Younger* abstention applies and requires dismissal before it can consider the merits of a claim challenging ongoing state court proceedings. *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016).

"*Younger* abstention is a jurisprudential doctrine centrally concerned with the 'threat to our federal system posed by displacement of state courts by those of the National Government.'" *Gibson v. Schmidt*, 522 F. Supp.3d 804, 814 (D. Or. 2021) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)).  *Younger* abstention applies where, "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e, would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  "Where all four elements are met, the district court is required to dismiss the action." *Gibson*, 522 F. Supp.3d at 814 (citing *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)).

The Supreme Court has recognized limited exceptions to mandatory abstention under *Younger* where there is a "showing of bad faith, harassment, or some other

extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Such exceptions are "narrow." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975). They apply "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, there are ongoing state court proceedings involving Plaintiff in Oregon and Montana stemming from Plaintiff's felony conviction in Montana and the alleged violations of the terms of his supervision. The Court concludes that these proceedings implicate important state interests for purposes of *Younger* abstention. With respect to the litigation of the federal constitutional issues in those state proceedings, Plaintiff bears the burden of showing that state procedural law bars presentation of his claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987). "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 15. Plaintiff has not met that burden in the present case.

With respect to the final factor, the Court must determine where the requested relief would "enjoin—or have the practical effect of enjoining—ongoing state proceedings." *Readylink Healthcare, Inc. v. State Comp. Ins. Fund.*, 754 F.3d 754, 758 (9th Cir. 2014). In this case, Plaintiff seeks an injunction against his prosecution

for probation violations and his extradition back to Montana pending resolution of this action. This plainly satisfies the final element.

The Court also concludes that none of the exceptions to *Younger* abstention apply. As noted, the exceptions are narrow and the "party seeking to circumvent *Younger* abstention bears the burden of establishing the applicability of one of the exceptions." *Gibson*, 522 F. Supp.3d at 816 (internal quotation marks and citation omitted, alterations normalized). Plaintiff does not address *Younger* abstention or the exceptions in his filings and the Court concludes that he has not met this burden. Abstention and dismissal are therefore warranted.

In light of the deficiencies described above, the Court concludes that Plaintiff has failed to state a claim and the Complaint must be dismissed. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Plaintiff will be given leave to file an amended complaint.

### III.    TRO

Plaintiff seeks a TRO to enjoin his pending extradition to Montana. For the reasons discussed in the preceding section, the Court concludes that Plaintiff has failed to state a claim and, by the same token, has failed to demonstrate a likelihood of success on the merits of his claim. The application of *Younger* abstention, discussed above, also forecloses the possibility of injunctive relief.

Although Plaintiff asserts that he will suffer irreparable harm if he is extradited to Montana because he will not be able to effectively prosecute this action or challenge his probation violations in Montana, the Court is not convinced. Plaintiff

asserts that he will be unable to call Oregon witnesses in an action in Montana, but the Court notes that Montana courts have the same power to compel the appearance of witnesses as the courts of Oregon.

The Court has considered the balance of the equities and the public interest and concludes that they likewise weigh against an injunction, particularly given the application of *Younger* abstention principles. Plaintiff's request for an emergency injunction must, therefore, be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's request for a TRO is DENIED and the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. Plaintiff's IFP application, ECF No. 2, is DENIED with leave to refile using the Court-provided form. The Court will mail a copy of the form to Plaintiff, along with a copy of this Order.

It is so ORDERED and DATED this _____7th_____ day of April 2022.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge